RUFUS M. HUNTLEY *vs.* DAVID WOODWARD & others.

A written agreement for drawing stone " at the rate of one dollar and twenty five cents per load of two tons each," fixes the rate by the ton, without regard to the number of tons actually drawn in one load; and cannot be varied by oral evidence.

ACTION OF CONTRACT upon this agreement in writing, signed by the defendants: " An agreement this day made between D. Woodward & Co. of Worcester, and Rufus M. Huntley of Fitchburg. Said Huntley agrees to draw all the stone from Rollstone Hill, so called, to the crane at Worcester depot and

Bates's shop, at the rate of one dollar and twenty five cents per load of two tons each; and said Woodward & Co. agree to furnish men to load said Huntley with all his junk or grout stone at one cent a foot, that he may want this season. Fitchburg, July 17, 1855."

At the trial in the court of common pleas, there was evidence of the number of tons drawn by the plaintiff, and it appeared that some of the loads drawn by the plaintiff exceeded two tons in weight; and the plaintiff claimed sixty two and a half cents for each ton drawn.

The defendants contended that under said agreement they were to pay only $1.25 for each load, whether of two tons or more; " and in order to aid in the construction of the agreement, offered to prove the following facts: 1st. That the object in inserting the term ' two tons each,' as expressed by the parties at the time, was to prevent the plaintiff from drawing loads of a less quantity than two tons. 2d. That no stone had ever been drawn from the quarry by the ton, but the custom had been to draw by the day or by the load. 3d. That there was no place where the stones could be weighed, which were drawn to Bates's shop. 4th. That a portion of the stone drawn under the contract was charged by the load. 5th. That the defendants had no knowledge that the plaintiff was keeping his account by the ton, till after the stone were all delivered. 6th. That the defendants' agent, who was present at the time the contract was made, and heard the bargain, kept the account by the load, and supposed the plaintiff was keeping his account in the same way. 7th. That the stone delivered at Bates's shop was not weighed by the plaintiff, but, as he says, the weight was ascertained by measurement, which was taken by himself while on the road between the quarry and the place of delivery, and that no one was present when the measurement took place."

But *Mellen*, C. J. excluded the evidence, and ruled that the plaintiff was entitled to recover sixty two and half cents a ton for all stone drawn under the contract. A verdict was returned for the plaintiff accordingly, and the defendants alleged exceptions.

*H. Williams*, for the defendants.

*C. H. B. Snow*, for the plaintiff.

SHAW, C. J.   The whole clause is to be taken together — " at the rate of one dollar and twenty five cents per load of two tons each."   The words " two tons " show what was to be considered a load.   The words " at the rate of " show that it was to be at the rate of so much for two tons.   " At the rate of " so much " per load," without defining the load, would be useless. This writing is not made for the benefit of one party more than of the other, but of both.   It is very clear that it must be computed for two tons, whether the load be larger or smaller.

To admit the evidence offered would be to put parol evidence against written language, which was as plain as language could make it.   The custom being uncertain was an additional reason for making it certain in the contract.   The entries of one party on his own memorandum could have no effect, not being made known to or acted upon by the other party.   What the defendants' agent supposed cannot control the written agreement. The evidence as to the plaintiff's mode of ascertaining the weight had no bearing upon the construction of the contract.

*Exceptions overruled.*